JL

1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9  | Kevin D. Woods,                                     No.   CV 18-03321-PHX-SRB (JZB)

10 |                    Plaintiff,

11 | v.                                                  **ORDER**

12 | Corizon Health, et al.,

13 |                    Defendants.

14

15          On October 16, 2018, Plaintiff Kevin D. Woods, who is confined in the Arizona

16  State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C.

17  § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  In an October 19,

18  2018 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30

19  days either to pay the filing and administrative fees or file a complete Application to

20  Proceed.

21          On October 26, 2018, Plaintiff filed a new Application to Proceed In Forma

22  Pauperis (Doc. 7).  The Court will dismiss the Complaint with leave to amend.

23  **I.      Application to Proceed In Forma Pauperis and Filing Fee**

24          The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28

25  U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

26  § 1915(b)(1).  The Court will assess an initial partial filing fee of $10.53.  The remainder

27  of the fee will be collected monthly in payments of 20% of the previous month's income

28  credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

JDDL-K

1   28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

2   government agency to collect and forward the fees according to the statutory formula.

3   **II.      Statutory Screening of Prisoner Complaints**

4          The Court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or an officer or an employee of a governmental entity.  28

6   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

8   which relief may be granted, or that seek monetary relief from a defendant who is

9   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

10          A pleading must contain a "short and plain statement of the claim *showing* that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

12   does not demand detailed factual allegations, "it demands more than an unadorned, the-

13   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Id.*

16          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable

20   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

21   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

22   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

23   specific factual allegations may be consistent with a constitutional claim, a court must

24   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

25   at 681.

26          But as the United States Court of Appeals for the Ninth Circuit has instructed,

27   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

28   342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

In his two-count Complaint, Plaintiff sues Corizon Health, Arizona Department of Corrections Director Charles L. Ryan, Nurse Practitioner Linda Okafor, and LPN C. Hawley.  Plaintiff asserts claims of inadequate medical care and seeks monetary relief.

Plaintiff alleges the following:

On August 1, 2018, Plaintiff was playing basketball when he was "undercut while airborne by an opposing player."  Plaintiff fell to the cement floor and "crashed down off-balance onto [his] right elbow," which "had the impact of all [of his] weight."  Shortly after receiving the "painful and traumatic injury," Plaintiff went to the Cook Unit's medical facility for an examination and emergency treatment.  The onsite "medical assistant/person[nel]" did not x-ray Plaintiff's arm or have him transported to the hospital for treatment, x-rays, or an extensive examination.  Plaintiff received only ice and Tylenol for the pain and was advised to submit a Health Needs Request (HNR) to be seen by a nurse and examined by the medical nurse practitioner because no licensed physician is employed or assigned to the Cook Unit medical facility.

On August 2, 2018, Plaintiff submitted an HNR, requesting emergency treatment. The next day, Plaintiff was examined by a nurse on the nurse's line of scheduled patients. Plaintiff was not taken to the medical provider or hospital to get x-rays.  From August 1 to August 3, 2018, Plaintiff was only provided a 7-day lower bunk special needs assignment, medical ice for swelling, and an ace bandage, and was scheduled to see Defendant Okafor on doctor's line scheduling.  A scheduled visit on August 8, 2018 was

"cancelled/postponed" and rescheduled for August 14, 2018.  On August 14, Plaintiff's visit was again rescheduled, and he was "refused adequate emergency attention and treatment."  His visit was rescheduled for August 20, 2018.  Plaintiff submitted an HNR, advising medical staff and personnel of his severe pain and suffering and need for emergency treatment.  On August 21, 2018, Plaintiff was seen again, but only on the nurse's line, and then by the medical provider by order of Captain Romney.  On August 23, 2018, Plaintiff was transported to the Meadows Unit for x-rays to be taken.  On August 27, 2018, Defendant Okafor reviewed the x-rays and advised Plaintiff of a "major break of the bone" and advised that he would be scheduled to see an outside certified specialist in 30 days.  As of October 8, 2018, Plaintiff had not been treated.

As his injury, Plaintiff alleges that he has been forced to carry out his daily routine with the pain and suffering prolonged by insufficient or inadequate medical treatment in an emergency situation.  Plaintiff asserts that he has been forced to climb up to a top bunk bed five feet off the ground with one good arm and the broken arm, causing extreme, severe pain and suffering, risk of falling, and loss of range of motion.  Plaintiff claims that he is suffering emotional stress, anxiety, depression, confusion, and anger due to "this deliberate indifference" to his medical needs.

In Count Two, Plaintiff alleges the following:

On August 1, 2018, while Plaintiff was playing basketball, he was knocked off balance "out of the air" and fell to the cement basketball court, breaking his right arm.  When Plaintiff went to medical to be examined and treated for his injury, he was not x-rayed to determine the extent and seriousness of his injury, but was advised to submit an HNR to be seen by the medical provider.  Plaintiff was given only ice, Tylenol, an ace bandage, and a lower bunk special needs waiver for seven days.  After the expiration of the waiver, Plaintiff was forced to climb up onto a five foot top bunk bed with only one good arm and the right broken arm.  Since Plaintiff is right-handed, this "ordeal and carrying out [his] daily routine" has been "very awkward and painstaking."

….

Plaintiff was seen on August 2, 2018, but received "no adequate or emergency treatment" or exams and was not transported to see a licensed physician. After submitting another HNR, Plaintiff was again seen on the nurse's line of scheduled exams. Plaintiff was scheduled to see Defendant Okafor, the Cook Unit's nurse practitioner, on August 8, 2018. On August 8, Plaintiff went to see Okafor, but was "turned away for post-ponement of the scheduled visit" and rescheduled for a medical visit on August 14, 2018. On August 14, Plaintiff was again turned away and was rescheduled for August 20, 2018. Plaintiff submitted another HNR, requesting to see a doctor for his pain from the serious arm injury. Plaintiff was scheduled to see Okafor on August 20, 2018 for an examination. The next day, due to the severe pain Plaintiff was experiencing and the lack of medical treatment, Plaintiff contacted Captain Romney and explained his "situation and circumstances." Romney escorted Plaintiff to the Cook Unit's medical facility and ordered that Plaintiff be examined by Okafor. Okafor examined Plaintiff's right arm, but did not arrange transport for emergency treatment and instead scheduled Plaintiff for x-rays to be taken at the Meadows Unit instead of a hospital.

On August 23, 2018, x-rays were taken at the Meadows Unit and sent to Defendant Okafor. On August 27, 2018, Okafor called Plaintiff in and advised him of a seriously broken bone and said she would schedule a hospital visit for Plaintiff in 30 days. As of October 8, 2018, Plaintiff had not been examined or treated at the hospital and has still had to climb up and down to his bunk.

As his injury, Plaintiff alleges that he has been forced to go in pain without emergency medical treatment by a licensed doctor and climb five feet up to get into bed on a top bunk bed without his right arm "on medication." Plaintiff asserts that he is right-handed and has lost mobility and full range of motion of his right arm and has shoulder pain from the fall. Plaintiff claims that he has not been transported to the hospital for exams or treatment, and he is "feeling anxiety, frustration, anger and depression or emotional stress due to this ordeal."

….

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Defendant Corizon**

To state a claim under § 1983 against a private entity performing a traditionally public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012). In this case, Plaintiff must show: (1) that he suffered a constitutional injury; (2) that Corizon has customs or policies that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002).

Plaintiff has not identified a policy or custom of Corizon that resulted in his injuries; Plaintiff makes no allegations at all against Corizon. Accordingly, the Court will dismiss Corizon.

**B.    Defendant Ryan**

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens*

and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries; Plaintiff makes no allegations at all against Ryan. Thus, the Court will dismiss without prejudice Defendant Ryan.

### C.    Defendant Hawley

Plaintiff does not connect any of the allegations in the Complaint to Defendant Hawley. Accordingly, the Court will dismiss Hawley.

### D.    Medical Care

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

1    Deliberate indifference is a higher standard than negligence or lack of ordinary

2  due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

3  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

4  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

5  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

6  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

7  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

8  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

9  without more, is insufficient to state a claim against prison officials for deliberate

10  indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

11  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

12  "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

13    Plaintiff fails to state a claim for inadequate medical care in the Complaint.

14  Plaintiff alleges that several visits with Defendant Okafor were rescheduled, but he does

15  not allege that Okafor was responsible for rescheduling the visits.  Plaintiff provides no

16  detail about how he was informed that the visits were rescheduled, by whom, and what

17  reasons, if any, were given for rescheduling the appointments.  Plaintiff alleges that

18  Okafor's treatment was inadequate because she only sent Plaintiff for x-rays and did not

19  arrange for Plaintiff to be seen at a hospital.  However, Plaintiff's allegations do not

20  support that Okafor knew simply from examining Plaintiff that his arm was broken or

21  that it was medically inappropriate for Okafor to order x-rays to determine the nature and

22  extent of Plaintiff's injury before taking any further action.  Plaintiff claims that Okafor

23  told him she would schedule a hospital visit and that he has not yet been examined or

24  treated at a hospital, but he does not allege that Okafor failed to schedule the visit.

25  Okafor's treatment might have amounted to negligence or medical malpractice, but that is

26  insufficient to state a claim for deliberate indifference under the Eighth Amendment.

27    Plaintiff asserts in Count One that the lack of treatment violated his rights under

28  the Fourteenth Amendment.  A convicted inmate's medical care claim is properly

analyzed under the Eighth Amendment, not the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979). However, regardless of whether a claim is characterized as a medical claim or a failure-to-protect claim, Plaintiff must show deliberate indifference on the part of the Defendants. *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104-05. As discussed above, Plaintiff has not alleged facts to support that any named Defendant acted with deliberate indifference. Thus, the Court will dismiss the Complaint with leave to amend.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## VI.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed In Forma Pauperis (Doc. 7) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.53.

(3)   The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

....

....

....

....

....

....

....

....

JDDL-K

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 30th day of October, 2018.

Susan R. Bolton
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

     A certificate of service should be in the following form:

          I hereby certify that a copy of the foregoing document was mailed
          this _____ (month, day, year) to:
          Name:   _____
          Address:_____
                         Attorney for Defendant(s)

          _____
          (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO**. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                          (Position and Title)                                                (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                  ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property              ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count I?               ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?             ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?            ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____

_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                          DATE                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may
attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.
If you attach additional pages, be sure to identify which section of the complaint is being continued and number
all pages.