Anthony J. Fernandez, (Bar No. 018342)
Jaric W. Erike, (Bar No. 034927)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
afernandez@qpwblaw.com
Jaric.erike@qpwblaw.com
Attorneys for Defendants
 Corizon Health, Inc. and Linda Okafor

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin D. Woods,<br><br>        Plaintiff,<br><br>        vs.<br><br>Corizon Health; Charles L Ryan; Linda Okafor; C. Hawley; and C. Demery;<br><br>        Defendants. | Case No.   2:18-cv-03321-SRB-JZB<br><br>**DEFENDANTS CORIZON HEALTH, INC.'S AND LINDA OKAFOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**REQUEST FOR JURY TRIAL** |

Defendants Corizon Health, Inc. and Linda Okafor (collectively "Defendants"), hereby Answer Plaintiff's First Amended Complaint filed November 13, 2018, as follows:

## JURISDICTION

1. Defendants herein admit that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. However, Defendants deny any and all allegations of liability or damages contained in paragraph 1.

2. Answering paragraph 2 of the "Jurisdiction" section, the statements contained therein do not require a response from Defendants. Defendants aver that Plaintiff was in the Arizona Department of Corrections' ("ADOC") custody during the timeframe of the events alleged. Defendants deny the balance of the allegations therein, including that any alleged "violation" occurred.

. . .

. . .

. . .

**DEFENDANTS**

3. Answering paragraph 1, Defendant Corizon Health, Inc. ("Defendant Corizon") admits that it was contracted by the ADOC at the relevant time to provide certain healthcare services at certain correctional facilities. Defendant Corizon denies any and all allegations of liability or damages contained in this paragraph.

4. Answering paragraph 2, Defendant Linda Okafor admits that she was employed by Corizon Health, Inc. as a Nurse Practitioner. Defendant Okafor denies any and all allegations of liability or damages contained in this paragraph.

5. Answering paragraph 3, this paragraph does not require a response from Defendants. To the extent that a response may be required, the allegations contained in paragraph 3 are denied.

6. Answering paragraph 4, this paragraph does not require a response from Defendants. To the extent that a response may be required, the allegations contained in paragraph 4 are denied.

**PREVIOUS LAWSUITS**

7. The paragraphs in this section do not require a response by Defendants.

**CAUSE OF ACTION**

**COUNT I**

8. Answering paragraphs 1 and 2 of this section, Defendants deny any and all allegations contained therein.

9. Answering the numbered "paragraphs" in the "Supporting Facts" section, found on page 3, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

. . .

10. Answering the numbered "paragraphs" in the "Supporting Facts" section, found on page designated as 3A, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

11. Answering the numbered "paragraphs" in the "Supporting Facts" section, found on page designated as 3B and 3C, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

12. Answering the numbered "paragraphs" in the "Woods Accidents and Injuries" section, found on page designated as 3C, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

13. Answering the numbered "paragraphs" in the "Woods Accidents and Injuries" section, found on page designated as 3D, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

14. Answering the numbered "paragraphs" in the "Woods Accidents and Injuries" section, found on page designated as 3E, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

15. Answering the numbered "paragraphs" in the "Woods Accidents and Injuries" section, found on page designated as 3F, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

16. Answering the numbered "paragraphs" in the "Woods Accidents and Injuries" section, found on page designated as 3G and 3H, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

17. Answering the numbered "paragraphs" in the "Subsequent X-Rays" section, found on page designated as 3H, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

18. Answering the numbered "paragraphs" in the "Subsequent X-Rays" section, found on page designated as 3I, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

19. Answering the numbered "paragraphs" in the "Subsequent X-Rays" section, found on page designated as 3J, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

20. Answering the numbered "paragraphs" in the "Claims for Relief" section, found on page designated as 3J-3L, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

21. Answering the "Injury" section, Defendants deny any and all allegations contained therein.

22. Answering the "Administrative Remedies" section, Defendants admit that there are administrative remedies available to inmates who are incarcerated within the ADOC according to the process and timeline specified in ADOC Order 802. Defendants deny the allegations contained therein with respect to Plaintiff's alleged grievances.

. . .

**COUNT II**

23. Answering paragraphs 1 and 2 of this section, Defendants deny any and all allegations contained therein.

24. Answering the numbered "paragraphs" in the "Supporting Facts" section, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference.

25. Answering the numbered "paragraphs" in the "Claims for Relief" section, found on page designated as 3L, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference.

26. Answering the numbered "paragraphs" in the "Claims for Relief" section, found on page designated as 3M, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference.

. . .

1  27. Answering the numbered "paragraphs" in the "Claims for Relief" section, found on page designated as 3N, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference.

28. Answering the lettered "paragraphs" in the "Prayer for Relief" section, found on page designated as 3O, Defendants aver that the records speak for themselves as to Plaintiff's medical care and conditions. To the extent that these paragraphs contain assertions that are not addressed within the records, they are herein denied. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference.

**REQUEST FOR RELIEF**

29. Answering this section contained on page 6, Defendants deny the allegations contained therein. Defendants specifically deny that Plaintiff is entitled to any relief whatsoever, including any declaratory relief, injunctive relief, court order, compensatory damages, restitution, nominal damages, punitive damages, attorneys' fees, litigation costs, interest, or any other relief whatsoever. Defendants further deny the existence of any policy, custom, or practice amounting to deliberate indifference. Defendants herein deny that they, their agents, or their employees deprived Plaintiff of his civil rights, and further deny any and all allegations of liability or damages against them under any state, federal, or common law.

. . .

. . .

## GENERAL DEMAND

30. Defendants deny any and all allegations set forth in Plaintiff's Complaint which are not specifically admitted herein.

## JURY DEMAND

31. Defendants demand a trial by jury of all triable issues.

## AFFIRMATIVE DEFENSES

32. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

33. Defendants deny that Plaintiff has been denied any rights protected by the United States Constitution, the United States Code, or any state constitutions or laws.

34. Plaintiff fails to state a claim upon which relief may be granted.

35. Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), thereby warranting dismissal of the case. *See* U.S.C. § 1997e(a).

36. Defendants allege that they, including their agents and employees, were acting under legal process with good, sufficient, and probable cause to be so acting, and that the actions of Defendants, including their agents and employees, were in good faith and without malice.

37. Defendants allege that they, including their agents and employees, acted in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prevail on a claim of deliberate indifference or retaliation.

38. Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

39. Defendants allege that Plaintiff has failed to set forth a grave deprivation with regard to the allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

. . .

. . .

40. Defendants allege that there existed no conduct in this case motivated by an evil intent or motive, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

41. Defendants allege that no custom, policy, or practice exists or existed which may be shown to be the moving force behind any alleged constitutional violation of Plaintiff.

42. Defendants allege that Plaintiff has failed to allege that Defendants promulgated a custom, policy, or practice which was the moving force behind the alleged violations to Plaintiff's constitutional rights.

43. Defendants allege that any actions by Defendants, including their agents and employees, furthered a legitimate and important governmental interest in maintaining the safety and security of the prison, thereby warranting dismissal of Plaintiff's claims.

44. Defendants allege that any actions by Defendants, including their agents and employees, furthered a legitimate interest in providing appropriate care and treatment to Plaintiff, thereby warranting dismissal of Plaintiff's claims.

45. Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of Defendants, their agents, or their employees.

46. Plaintiff's injuries are due to his own negligence or recklessness. Any injury to Plaintiff is caused wholly by his own actions. Defendants cannot be responsible for Plaintiff's comparative negligence.

47. Defendants plead the affirmative defense of contributory negligence and assumption of risk.

48. Defendants plead the affirmative defense of failure to mitigate damages.

49. Defendants affirmatively assert that they are not liable for the policies and procedures of an outside provider, facility, and/or any non-party at fault.

50. Defendants affirmatively allege that they did not breach any duty owed to Plaintiff.

51. Defendants affirmatively allege the damages alleged by Plaintiff were not casually connected to the alleged actions of Defendants, their agents, or their employees.

52. This Court lacks subject matter jurisdiction due to the fact that, even if Plaintiff's allegations should be proven, the allegations against Defendants would amount to mere negligence at best, which is not recognized as a deprivation of Plaintiff's constitutional rights.

53. Plaintiff merely disagrees with his course of medical treatment, which is not actionable under 42 U.S.C. § 1983.

54. Plaintiff alleges only a difference of opinion among his medical providers, which is not actionable under 42 U.S.C. § 1983.

55. Defendants are not responsible for the policies of the ADOC.

56. Defendants deny committing any act of bad faith or breaching any duty owed to Plaintiff.

57. Defendants deny that they, their agents, or their employees committed any act or omission which caused or contributed to Plaintiff's alleged injuries or otherwise subjected Plaintiff to an unreasonable risk of harm.

58. The injuries and damages alleged in the Complaint, if any, were proximately caused by the acts or the omissions of third persons and entities for which Defendants are not liable.

59. Plaintiff's injuries and damages, if any, were caused in whole or in part by the negligence of other parties and/or non-parties at fault.

60. In order to avoid waiver, Defendants assert the following defenses should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

61. Plaintiff's claims are barred by the statute of limitations.

62. Defendants reserve their right to amend their affirmative defenses, and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for judgment against Plaintiff as follows:

1. dismissing the Complaint and all claims stated therein <u>with prejudice</u>;

2. awarding Defendants such other and further relief as the Court deems just and reasonable under the circumstances.

DATED this 8th day of April 2019.

          QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

          By       <u>s/Jaric W. Erike</u>
            Anthony J. Fernandez
            Jaric W. Erike
            2390 E. Camelback Road, #440
            Phoenix, Arizona 85016
            Attorneys for Defendants
             Corizon Health, Inc. and Linda Okafor

. . .

. . .

. . .

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2019, I electronically transmitted **DEFENDANTS CORIZON HEALTH, INC.'S AND LINDA OKAFOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL**, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, or by United States Postal Service on the following, who are not registered participants of the CM/ECF System:

Kevin D Woods
18027 N. Seventh Drive
Phoenix, Arizona 85023
*Pro Se*

By _____ s/Sonya R. Barrey _____