Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Scott Griffiths (Arizona Bar #028906)
**MILLS + WOODS LAW**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kevin D. Woods, | Case No.: 2:18-cv-03321-SRB-JZB |
|---|---|
| Plaintiff, | **CASE MANAGEMENT REPORT** |
| vs. | |
| Corizon Health, *et al.*, | |
| Defendants. | |

Pursuant to Rules 16 and 26(f), Fed. R. Civ. P. and this Court's Order (Doc. 24), the parties hereby submit their Case Management Report.

1. **Rule 26(f) Conference**: On September 4, 2019, counsel for the parties conducted a Rule 26(f) meeting to discuss the Joint Management Report. The following parties attended the meeting: Scott Griffiths on behalf of Plaintiff and Dustin Christner on behalf of Defendants Corizon Health and Linda Okafor.

2. **Short Statement on Nature of Case and Claims/Defenses**:

    Plaintiff: On August 1, 2018, Plaintiff Kevin Woods broke his arm while playing basketball while incarcerated at the Cook Unit at the Arizona State Prison Complex Eyman. He promptly sought medical attention but was told that he would be scheduled to see a provider in the next few days. Over the course of three weeks, several medical provider

appointments were canceled. In fact, Mr. Woods did not have an x-ray on his right elbow for over three weeks. In the interim, he complained of intense pain, weakness, and loss of range of motion in his right arm. Mr. Woods was provided medical ice, an ace bandage, and minimal pain medication.

When the results of the x-ray were returned, Defendant Okafor told him that he had a "severe fracture of his right arm." The medical diagnosis was "displaced fracture of head of right radius" and Ms. Okafor made an off-site orthopedic consultation request that she marked as urgent.

On October 5, 2018, Mr. Woods was seen by NP Thomas Siji for continuing pain in his right elbow. NP Siji ordered x-rays of Mr. Woods' right forearm. On November 5, 2018, Mr. Woods was again seen by NP Siji, who again ordered x-rays of Mr. Woods' right forearm.

In the course of treatment, Mr. Woods was told that he would not receive an outside consultation with orthopedics. Instead, on September 12, 2018, it was determined that Mr. Woods would have alternative treatment – which only included a sling (for a day or two) and a splint (for a day) and range of motion exercises. This alternative plan was made approximately six weeks after Mr. Woods broke his arm. In other words, the alternative plan was late in prescribing and was ineffective as Mr. Woods ***did*** receive a sling for comfort immediately after the bone broke.  Further, in November, Mr. Woods was still reporting severe pain in his arm. Mr. Woods never received the x-rays for his forearm and was discharged from prison without a care plan. Mr. Woods' medical providers failed to monitor the "alternative treatment" plan and instead left Mr. Woods without substantial

care for his painful broken arm knowing that he would be discharged from prison soon thereafter.

Plaintiff filed his First Amended Complaint [Doc. 11]. In Count 1, Plaintiff alleges that Defendant Linda Okafor violated Plaintiff's Eighth Amendment Rights and ordered her to answer to that claim. In Count 2, Plaintiff alleges that Corizon promulgated and endorsed written and unwritten policies, customs, and procedures that resulted in a violation of his Eighth Amendment rights. This Court dismissed Defendants Hawley and Demery. See Doc. 16.

Plaintiff is still in the process of reviewing the records and may seek leave of this Court to amend the Complaint to add additional defendants or claims upon discovery of additional facts.

**Defendants:**   On August 1, 2018, Plaintiff Kevin Woods broke his arm while playing basketball while incarcerated at the Cook Unit at the Arizona State Prison Complex Eyman. Defendant Corizon Health, Inc. ("Defendant Corizon") was contracted by the ADOC at the relevant time to provide certain healthcare services at certain correctional facilities. Defendant Linda Okafor was employed by Defendant Corizon as a Nurse Practitioner. Defendants provided reasonable and appropriate care to Plaintiff consistent with the medical records in this case and were not deliberately indifferent to Mr. Woods' medical needs.

3.   **Principal Factual and Legal Disputes In the Case**:

Plaintiff:

3

- Whether the Linda Okafor or other medical providers were deliberately indifferent to Mr. Woods' serious medical needs.
- Whether Corizon's policies, practices, and customs related to treatment of broken bones caused delays in treatment or otherwise caused Mr. Wood additional pain and suffering.
- Whether Corizon's policies, practices, and customs related to staffing of prison medical facilities caused delays in treatment or otherwise caused Mr. Wood additional pain and suffering.
- Whether Plaintiff suffered harm as a result of Defendants' negligence and/or deliberate indifference.
- The nature and extent of Plaintiffs' damages.

Defendants:

- Whether the Linda Okafor was deliberately indifferent to Mr. Woods' medical needs.
- Whether Defendant Corizon was deliberately indifferent to Mr. Woods' medical needs.
- Plaintiff's damages.

4. **Jurisdictional Basis**: Jurisdiction is proper over Plaintiffs' constitutional claims pursuant to 28 U.S.C. § 1331. In the event that Plaintiff seeks (and receives) leave to amend the complaint to include state law claims, this court has supplemental jurisdiction over any state law claim(s) pursuant to 28 U.S.C. § 1367.

4

5. **Service**: All parties who are currently known have been served and have answered.

6. **Additional Parties**:

Plaintiff is in the process of reviewing Mr. Woods' medical records and seeking review by medical experts and consultants. In the event that these experts recognize constitutional violations or violations of the standard of care by any additional party, Plaintiff will seek leave of court pursuant to Rule 15 to add additional parties.

7. **Contemplated Motions**:

    a. At this time, Plaintiffs currently anticipate filing dispositive motions on their claims. Plaintiffs may file motions pursuant to Rules 702-705, Fed. R. Evid.

    b. At this time, Defendants currently anticipate filing dispositive motions on Plaintiff's claims. Defendants may file motions pursuant to Rules 702-705, Fed. R. Evid.

8. **Related Cases**: There are no related cases pending before this Court or any other Court.

9. **Discussion of Electronically Stored Information**:

    a. <u>Plaintiffs</u>: Do not believe that there are any issues with Electronically Stored Information.

    b. <u>Defendants</u>: Do not believe that there are any issues with Electronically Stored Information.

10. **Work Product Issues**: There are no work product issues at this time.

11. **Compliance with MIDP**: The parties are all aware of the MIDP requirements and will remain in compliance with the MIDP Order.

5

12. **Service of MIDP Responses**:  The parties will serve their initial MIDP responses and the parties agree to supplement responses as necessary.

13. **Proposed Dates**:

    a.    Deadline for the completion of fact discovery:  Friday, March 20, 2020

    b.    Deadline for areas of experts: December 13, 2019

    c.    Deadline for disclosures of Plaintiffs' expert testimony:  Friday, April 24, 2020

    d.    Deadline for the disclosure of Defendants' expert testimony: Friday, June 5, 2020.

    e.    Deadline for disclosure of the Parties' expert rebuttal testimony: Friday, July 3, 2020.

    f.    Deadline for completion of all expert depositions: Friday, November 6, 2020

    g.    Deadline for filing dispositive motions: Friday, January 15, 2021

    h.    Deadline for good faith settlement discussions: Friday, January 15, 2021

14. **Jury Trial**:   A jury trial is requested.

15. **Estimated length**: The parties estimate the length of trial as 5 days.

16. **Prospect for Settlement**:  Although the case is in its nascent stages, the parties do not currently anticipate issues with settlement. The parties currently do not request the assistance of a Magistrate Judge.

17. **Other matters**:
    N/A

//
//

6

**DATED** this 4th day of September 2019.

| | |
|---|---|
| **MILLS + WOODS LAW, PLLC** | **QUINTAIROS, PREITO, WOOD & BOYER, P.A.** |
| By: /s Scott Griffiths<br>Robert T. Mills<br>Sean A. Woods<br>Scott Griffiths<br>5055 North 12th Street, Suite 101<br>Phoenix, AZ 85014<br>*Attorneys for Plaintiff* | By: /s Dustin Christner (w/ permission)<br>Anthony Fernandez<br>Dustin Christner<br>2390 East Camelback Road, Suite 440<br>Phoenix, Arizona 85016<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony Fernandez
Dustin Christner
**QUINTAIROS, PRIETO, WOOD & BOYER P.A.**
2390 East Camelback Road, Suite 440
Phoenix, Arizona 85016
*Attorneys for Defendants*

　　　　/s/ Scott Griffiths

MILLS + WODDS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556